**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCIPAL GROWTH STRATEGIES, LLC, a Delaware limited liability company; PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation), a Cayman Islands exempted limited partnership; and MARTIN TROTT & CHRISTOPHER SMITH, Joint Official Liquidators of Platinum Partners Value Arbitrage Fund L.P. (in official liquidation),<br><br>          Plaintiffs,<br><br>vs.<br><br>AGH PARENT LLC, a Delaware limited liability company; SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA, a Pennsylvania insurance company; FUZION ANALYTICS, Inc., a Delaware corporation; BANKERS CONSECO LIFE INSURANCE COMPANY, a New York insurance company; WASHINGTON NATIONAL INSURANCE COMPANY, an Indiana insurance company; CNO FINANCIAL GROUP, INC., a Delaware corporation; 40/86 ADVISORS, INC., a Delaware corporation; PRIVATE BANKERS LIFE ANNUITY LTC 2, a Delaware reinsurance trust, as successor in interest to BBIL ULICO 2014 Trust; WASHINGTON NATIONAL LTC 2, a Delaware reinsurance trust, as successor in interest to BRE WNIC 2013 LTC Primary; BHLN-AGERA CORP., a Delaware corporation; BOLN-AGERA CORP., a Delaware corporation; BBLN-AGERA CORP., a Delaware corporation; BEECHWOOD RE INVESTMENTS LLC, a Delaware limited liability company; KEVIN CASSIDY; STARFISH CAPITAL, INC., a New York corporation; and JOHN DOES 1-100,<br><br>Defendants. | Chapter 15<br><br>Case No. 16-12925-scc<br><br>Pending in the United States Bankruptcy Court for the Southern District of New York<br><br><br>C.A. No. _____ |

v.

PLATINUM MANAGEMENT (NY) LLC, a Delaware limited liability company; MARK NORDLICHT, DAVID LEVY, MURRAY HUBERFELD, and DAVID BODNER,

Nominal Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1334, 1446, and 1452, Defendants, CNO Financial Group, Inc., ("CNO"), Washington National Insurance Company ("WNIC"), Bankers Conseco Life Insurance Company ("BCLIC"), and 40/86 Advisors, Inc. ("40/86"), collectively (the "Removing Defendants") hereby remove the above captioned case C.A. No. 2019-0431 and all claims and causes of action from the Court of Chancery of the State of Delaware, New Castle County (the "Chancery Action"), to the United States District Court for the District of Delaware. This Court has jurisdiction over this action under 28 U.S.C. §§ 1334 and 1452.  As grounds for removal, the Removing Defendants respectfully show the Court the following:

1.      This Court has federal bankruptcy jurisdiction over the Chancery Action because it involves disputes regarding claims and other property of Plaintiff Platinum Partners Value Arbitrage Fund L.P. ("PPVA"), which is a debtor in a pending chapter 15 bankruptcy proceeding in the Bankruptcy Court for the Southern District of New York (the "Chapter 15 Case").

2.      The Chancery Action is brought by Plaintiffs Martin Trott & Christopher Smith, in their capacities as the joint official liquidators for Debtor PPVA (the "Joint Liquidators"), seeking the liquidation of claims and recovery of assets on behalf PPVA.  A copy of the verified complaint (the "Complaint") filed in the Chancery Action is attached hereto as **Exhibit A**.  The claims asserted by Plaintiffs in the Chancery Action "aris[e] under" and "relate to" the pending Chapter

2

15 Case.  *See* 28 U.S.C. § 1334(b).  Because federal bankruptcy jurisdiction exists over the Chancery Action, removal pursuant to 28 U.S.C. § 1452 is appropriate.

## BACKGROUND

### A.  PPVA's Chapter 15 Bankruptcy

3.        On August 23, 2016, a voluntary petition seeking the liquidation of PPVA was filed in the Grand Court of the Cayman Islands (the "Cayman Liquidation").

4.        On October 18, 2016, the Joint Liquidators filed a petition for chapter 15 bankruptcy on behalf of Debtor PPVA in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 16-12925.  In connection with the Chapter 15 Case, the Joint Liquidators also filed a motion (the "Recognition Motion") and supporting declarations seeking recognition of the Cayman Liquidation of PPVA and one of PPVA's feeder funds.  Copies of the Recognition Motion and supporting declarations are attached hereto as **Exhibits B and C**, respectively.

5.        On November 22, 2016, the Bankruptcy Court entered an order recognizing the Cayman Liquidation as a foreign main proceeding pursuant to 11 U.S.C. § 1501 *et seq.* (the "Recognition Order").  A copy of the Recognition Order is attached hereto as **Exhibit D**.

6.        Among other things, the Recognition Order provides that the PPVA Joint Liquidators "may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521" and "are granted authority to assert claims of the Funds against parties that are subject to jurisdiction in the United States of America."  *See* Recognition Order ¶¶ 8, 9.

7.        On March 25, 2019, the Bankruptcy Court entered a supplement to the Recognition Order (the "Supplemental Recognition Order," attached hereto as **Exhibit E**).  The Supplemental Recognition Order specifically "clarifie[s] that, pursuant to [the Recognition Order], the [Joint

3

Liquidators] were entrusted, pursuant to 11 U.S.C. §§ 1521(a)(5) and 1521(b), with the assets of [PPVA] for administrator and distribution in the [Cayman Liquidation]."

### B. Consolidated SDNY Actions

8.      The Joint Liquidators filed a related action in the Southern District of New York ("SDNY") on November 21, 2018.  *See Trott v. Platinum Management (NY) LLC, et al.*, Case No. 18-cv-10936 (the "PPVA SDNY Action"). Like in the Chancery Action, in the PPVA SDNY Action, the Joint Liquidators seek to liquidate claims of PPVA and recover assets on behalf of PPVA.

9.      The PPVA SDNY Action relates to a "Ponzi-like" scheme orchestrated by the Platinum Partners funds and their principals.  There, the Joint Liquidators allege claims arising from a fraudulent Platinum-Beechwood scheme, including claims connected to Agera Energy and related transactions.  Specifically, with regard to PPVA's interest in Agera Energy, the Joint Liquidators assert claims of fraud, aiding and abetting breach of fiduciary duties, and alter ego concerning an alleged insider transaction designed to strip PPVA of its assets and squander the purported proceeds.

10.     The PPVA SDNY Action is related to two other actions pending in the District Court for the Southern District of New York: (i) *Senior Health Insurance Company of Pennsylvania v. Beechwood Re Ltd. et al.,* Case No. 18-cv-6658 (JSR) (the "SHIP Action") and (ii) *Cyganowski v. Beechwood Re Ltd. et al.*, Case No. 18-cv-12018 (JSR) (the "PPCO Action") (collectively with the PPVA SDNY Action, the "Consolidated Actions").   The Removing Defendants, co-defendant Senior Health Insurance Company of Pennsylvania ("SHIP"), the Joint Liquidators and PPVA are all parties in the Consolidated Actions.

11.     On January 24, 2019, in the interest of considerable efficiencies to the Court and parties, District Court Judge Rakoff entered an order directing the Clerk of the Court of SDNY to create a master docket styled *In re Platinum-Beechwood Litigation*, Case No. 18-cv-6658 (JSR), consolidating the PPVA SDNY Action, the PPCO Action, and the SHIP Action and setting forth a case management schedule for the Consolidated Actions.

### C.  Chancery Court Action

12.     On June 7, 2019, Plaintiffs commenced the Chancery Action by filing a verified Complaint in the Delaware Court of Chancery.

13.     The Complaint discusses alleged events leading up to the liquidation of PPVA commencing June of 2016 including criminal charges filed by the United States Attorney's Office for the Southern District of New York in connection with a bribery scheme involving PPVA assets. The Chancery Action, like the PPVA SDNY Action, relates to a "Ponzi-like" scheme orchestrated by the Platinum Partners funds and their principals.

14.     Significantly, the Complaint primarily concerns certain transactions arising from the fraud related to a note issued by Agera.  As set forth above, many of PPVA's claims in the PPVA SDNY Action also relate to Agera.  In fact, the PPVA SDNY Action complaint and the Chancery Action complaint share many of the same allegations, oftentimes verbatim, with respect to the Agera transactions and assert some of the same claims against the same defendants.

15.     What's more, in the PPCO Action, the Platinum Partners Credit Opportunities Master Fund, LP ("PPCO") joins the chorus of complainants seeking redress for alleged harm arising from the Agera Note Sale including claims of aiding and abetting breach of fiduciary duty, aiding and abetting common law fraud, and RICO claims in violation of 18 U.S.C. § 1962(c).

16.     PPVA is clearly engaging in improper claim splitting.  PPVA is alleging claims based on Agera that are not only related to, but are intricately intertwined with, the claims it has asserted in the PPVA SDNY Action.

17.     PPVA split its claims and filed some of its Agera claims in the Delaware Court of Chancery for improper reasons.  *First*, it is seeking to avoid having the SDNY resolve these claims because that court has already dismissed many of PPVA's over-the-top claims.  *Second*, PPVA desired to sue Agera's parent company, AGH Parent, but waited too long to sue AGH Parent in the PPVA SDNY Action, as there was in the PPVA SDNY Action a May 15, 2019 deadline to join additional parties to the Consolidated Actions.  Hence, the Chancery Action represents nothing but blatant forum shopping.

18.     The Complaint asserts various claims on behalf of PPVA against Defendants, including the Removing Defendants, alleging aiding and abetting breach of fiduciary duty, unjust enrichment, and breach of certain contracts relating to the Agera Energy note.

## GROUNDS FOR REMOVAL

19.     Removal is appropriate here under 28 U.S.C. § 1452(a) because this Court has original bankruptcy jurisdiction under 28 U.S.C. § 1334(b). Specifically, under 28 U.S.C. § 1452(a) "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Under 28 U.S.C. § 1334(b), [the District Court] has original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 11 U.S.C. § 1334(b).

20.     In this Circuit, a proceeding meets the jurisdictional threshold of 28 U.S.C. § 1334 if the outcome of that proceeding could "conceivably have any effect on the estate being

administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984) (emphasis omitted). "[U]nder the *Pacor* 'conceivable effect' test, 'related-to' jurisdiction exists if the outcome of [a] proceeding could conceivably have any effect on the estate being administered in bankruptcy. This includes a proceeding whose outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts the handing of the administration of the bankrupt estate." *In re Longview Power, LLC*, 516 B.R. 282, 290 (Bankr. D. Del. 2014) (citations and quotation marks omitted).

21.     Here, the Chancery Action undoubtedly "relates to" the Chapter 15 Case. The PPVA Joint Liquidators are asserting claims on behalf of the chapter 15 debtor PPVA's bankruptcy estate and seeking recovery for the benefit of PPVA's bankruptcy estate. Adjudication of the Chancery Action would alter the chapter 15 debtor's rights and liabilities, and, therefore, the Chancery Action is, at the very least, related to the Chapter 15 Case. *See Toth v. Bodyonics, Ltd.*, 2017 WL 792172, at *1-2 (E.D. Pa. Mar. 15, 2007) (removal of action under 28 U.S.C. § 1452 on the basis of "related to" bankruptcy jurisdiction appropriate due to indemnification claims in removed action having a potential impact on chapter 15 bankruptcy case); *British Am. Ins. Co. v. Fullerton (In re British Am. Ins. Co.)*, 488 B.R. 205, 223 (Bankr. S.D. Fla. 2013) (finding related to jurisdiction where the outcome of a removed action would liquidate claims of the debtor and potentially augment recoveries of creditors).

22.     In addition, the Chancery Action "aris[es] under" the Bankruptcy Code because the Joint Liquidators brought the action pursuant to powers granted under chapter 15 and pursuant to orders of the Bankruptcy Court. In particular, under the Recognition Order, the Bankruptcy Court specifically granted the Joint Liquidators "authority to assert claims of the Funds against parties that are subject to jurisdiction in the United States of America." Recognition Order ¶ 9. Indeed,

pursuant to the Recognition Order, the Bankruptcy Court ordered that "the administration or realization of all or parts of the assets of the Funds within the territorial jurisdiction of the United States of America is hereby entrusted to the [Joint] Liquidators and the [Joint] Liquidators are hereby established as the exclusive representatives of the Funds in the United States of America." Recognition Order ¶ 10.

23.     The Recognition Order also authorizes the Joint Liquidators to exercise powers pursuant to 11 U.S.C. §§ 1520 and 1521.  The Supplemental Recognition Order specifically "clarifie[s] that, pursuant to [the Recognition Order], the [Joint Liquidators] were entrusted, pursuant to 11 U.S.C. §§ 1521(a)(5) and 1521(b), with the assets of [PPVA] for administrator and distribution in the [Cayman Liquidation]." Supplemental Recognition Order ¶ 2.

24.     11 U.S.C. § 1521(a)(5) provides that a bankruptcy court may grant any appropriate relief "entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative or another person, including an examiner, authorized by the court." 11 U.S.C. § 1521(a)(5).  Thus, pursuant to the Recognition Order and Supplemental Recognition Order, the Bankruptcy Court specifically granted the Joint Liquidators with the authority to realize and recover PPVA's assets within the United States.

25.     The Chancery Action is an action to assert claims against and recover assets in the United States from parties like the Removing Defendants who are U.S. domiciliaries and subject to jurisdiction in the United States.  The Chancery Action and each and every claim and cause of action asserted therein therefore arises under chapter 15 of the Bankruptcy Code and the Bankruptcy Court's orders in the Chapter 15 Case.  Removal pursuant to 28 U.S.C. § 1452 is appropriate as a result of both "related to" and "arising under" bankruptcy jurisdiction.

## TIMELINESS OF REMOVAL

26.     The Removing Defendants were served with a copy of the summons on June 17, 2019.  Accordingly, under 28 U.S.C. § 1446(b) and Rule 9027 of the Federal Rules of Bankruptcy Procedure, this Notice of Removal is timely because it is being filed within thirty (30) days after the Removing Defendants received service of a copy of the summons, which is the initial pleading setting forth the claims for relief on which the Chancery Action is based.

## VENUE

27.     Venue is proper in this Court.  Under 28 U.S.C. §§ 1441(a), 1446(a), and 1452(a), venue lies for this action in the United States District Court for the District of Delaware because it is the federal judicial district and division embracing the Delaware Court of Chancery, New Castle County, where the Chancery Action is pending.  *See* 28 U.S.C. § 1452 (authorizing removal "to the district court for the district where such civil action is pending").

## ATTACHMENTS AND STATE COURT NOTICE

28.     Under 28 U.S.C. § 1446(a) and Bankruptcy Rule 9027, the Removing Defendants attach hereto as **Exhibit F**, a copy of the docket sheet in the Chancery Action as evidence that all documents filed in the Chancery Action are included herein.

29.     As required by 28 U.S.C. § 1446(d), the Removing Defendants will promptly give Plaintiffs written notice of the filing of this Notice of Removal, and will file a copy of this Notice of Removal with the Clerk of the Delaware Court of Chancery, New Castle County.

30.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of the Removing Defendants' right to assert any defense or affirmative matter.

## FINAL ORDERS

31.    The Removing Defendants do not consent to the entry of final orders and/or judgments by the Bankruptcy Court and reserve their rights to seek a withdrawal of the reference to the District Court based upon consolidation of related pending actions in the District Court.

## CONCLUSION

All of the requirements of 28 U.S.C. §§ 1334, 1441, and 1452(a) have been satisfied, and Notice is hereby given that this Chancery Action is removed from the Delaware Court of Chancery, New Castle County, to the United States District Court for the District of Delaware.

OF COUNSEL:

Adam J. Kaiser
Daniella Main
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
212-210-9400

/s/   A. Thompson Bayliss
A. Thompson Bayliss (#4379)
April M. Kirby (#6152)
ABRAMS & BAYLISS LLP
20 Montchanin Rd., Suite 200
Wilmington, DE 19807
302-778-1000

*Attorneys for Defendants Bankers Conseco Life Insurance Company, Washington National Insurance Company, CNO Financial Group, Inc., and 40/86 Advisors, Inc.*

July 16, 2019