# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
: 
In re: : Chapter 15
:
PLATINUM PARTNERS VALUE : Case No. 16-12925 (SCC)
ARBITRAGE FUND L.P. (IN :
PROVISIONAL LIQUIDATION),[1] *et al.*, : (Jointly Administered)
:
Debtors in :
Foreign Proceedings. :
:
:
---------------------------------------------------------x

### ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

Matthew James Wright and Christopher Barnett Kennedy, duly appointed joint official liquidators ("**Petitioners**" or "**Liquidators**") of Platinum Partners Value Arbitrage Fund L.P. (in Provisional Liquidation) ("**Master Fund**") and the duly appointed joint official liquidators of Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) ("**International Fund**" and together with Master Fund, the "**Funds**"), both Funds in liquidation by way of the Financial Services Division of the Grand Court of the Cayman Islands (the "**Grand Court**") (cause nos. FSD 131 of 2016 (AJJ) (Master Fund) and 118 of 2016 (AJJ) (International Fund)) as a result of the Grand Court's orders (the "**Liquidation Orders**") made pursuant to petitions for the winding up of the Funds under, as applicable, sections 92 and 104 of the Companies Law of the Cayman Islands (2016 Revision) (the "**Companies Law**") and section

---

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses: Platinum Partners Value Arbitrage Fund L.P. (in Provisional Liquidation) (1954) and Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) (2356). The registered office of the International Fund is c/o The R&H Trust Co. Ltd., Windward 1, Regatta Office Park, P.O. Box 897, Grand Cayman KY1-1103, Cayman Islands. The Master Fund's registered address is c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman, KY1-9005, Cayman Islands.

36 of the Exempted Limited Partnership Law, 2014 ("**ELP Law**") (collectively, the "**Cayman Liquidations**"), by its United States counsel, Holland & Knight LLP, filed Official Form Petitions, the *Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief, Pursuant to Sections 1504, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* (the "**Verified Petition**,"[2] and, together with the Official Form Petitions, the "**Petition**"), and the accompanying Kennedy Declaration, Leontsinis Declaration, and Gluck Declaration, seeking relief pursuant to chapter 15 of the Bankruptcy Code; and upon due consideration of the Petition, Kennedy Declaration, Leontsinis Declaration and the Gluck Declaration, together with all exhibits thereto, in support of the Petition, and hearing no objections thereto, and a hearing having been held on November 21, 2016 the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of the Petition and the Hearing thereon having been given by the Liquidators, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and having been updated pursuant to Section 1518 of the Bankruptcy Code, and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated February 1, 2012.

---

[2] Capitalized terms used, but not otherwise defined herein shall have the meanings given to them in the Verified Petition.

  B. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410 (2) because there is an action pending against the Funds within this judicial district, and the Court may enter a final order consistent with Article III of the United States Constitution.

  C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

  D. The Liquidators are the "foreign representatives" of the Funds pursuant to 11 U.S.C. § 101(24).

  E. The chapter 15 cases of the Funds were properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

  F. The Liquidators have satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

  G. The Cayman Liquidations are "foreign proceedings" pursuant to 11 U.S.C. § 101(23).

  H. The Cayman Liquidations are entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

  I. The Cayman Liquidations are pending in the Cayman Islands, the country where the Funds' center of main interests is located, and accordingly the Cayman Liquidations are foreign main proceedings pursuant to 11 U.S.C. § 1502(4), and are entitled to recognition as foreign main proceedings pursuant to 11 U.S.C. § 1517(b)(1).

  J. The Liquidators are entitled to all of the relief provided under 11 U.S.C. § 1520 and 1521 without limitation.

  K. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520 and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1. **ORDERED**, that the Petition is granted as set forth herein;

2. **ORDERED**, that the Cayman Liquidations are recognized as foreign main proceedings pursuant to 11 U.S.C. §§ 1517(a) and (b)(1);

3. **ORDERED**, that all persons and entities (other than the Liquidators and their expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

    (1) executing against the Funds' property or assets;

    (2) taking or continuing any act to obtain possession of, or exercise control over, the Liquidators (with respect to the Funds), the Funds, or any of the Funds' property or assets;

    (3) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Liquidators (with respect to the Funds), the Funds or any of the Funds' property or assets as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to the Funds or any of the Funds' property or assets; and

    (4) transferring, relinquishing or disposing of any property of the Funds to any person or entity other than the Liquidators;

and it is further

4. **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the Cayman Liquidations; and it is further

5. **ORDERED**, that 11 U.S.C. § 1521(a)(1-3) shall be effective with respect to the Cayman Liquidations and/or the stay, as provided for by Section 97(1) of the Companies Law, shall be effective in the United States of America pursuant to 11 U.S.C. § 1507; and it is further

6. **ORDERED**, that the Liquidators or any third person acting pursuant to the Liquidators' instructions or agreement may transfer funds or property belonging to the Funds

into or out of the United States of America in accordance with their respective obligations to the Funds or under the Cayman Liquidations; and it is further

7. **ORDERED**, that the Liquidators are hereby authorized to examine witnesses, take evidence, and seek the production of documents within the territorial jurisdiction of the United States concerning the assets, affairs, rights, obligations or liabilities of the Funds, the Funds affiliates and the Funds' subsidiaries by:

   a. issuing discovery requests to intermediary banks that process U.S. dollar-denominated wire transfers and maintain records of such transfers;

   b. upon written request, obtaining turnover of any and all documents, records, filings, or other information, however stored, including but not limited to emails that are property of, concern or were made or issued on behalf of the Funds, from any person or entity subject to this Court's jurisdiction; and

   c. upon service of this order, prohibiting all persons and entities subject to the jurisdiction of this Court from destroying, secreting, altering, deleting or otherwise disposing of any electronic data, documents, records, filings, or other information, however stored, concerning or relating to the assets, affairs, rights, obligations or liabilities of the Funds; and it is further

8. **ORDERED**, that the Liquidators are authorized to operate the business of the Funds that is the subject of Cayman Liquidations and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521; and it is further

9. **ORDERED**, that the Liquidators are hereby granted authority to assert claims of the Funds against parties that are subject to jurisdiction in the United States of America; and it is further

10. **ORDERED**, that the administration or realization of all or part of the assets of the Funds within the territorial jurisdiction of the United States of America is hereby entrusted to the Liquidators and the Liquidators are hereby established as the exclusive representatives of the Funds in the United States of America; and it is further

11. **ORDERED**, that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

12. **ORDERED**, that, notwithstanding Bankruptcy Rule 7062, made applicable to these chapter 15 cases by Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Dated:

November 22, 2016
New York, New York

                                          /S/ Shelley C. Chapman
                                          Honorable Shelley C. Chapman
                                          United States Bankruptcy Judge