**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCIPAL GROWTH STRATEGIES, LLC, a Delaware limited liability company; PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation), a Cayman Islands exempted limited partnership; and MARTIN TROTT & CHRISTOPHER SMITH, Joint Official Liquidators of Platinum Partners Value Arbitrage Fund L.P. (in official liquidation), | |
| Plaintiffs, | C.A. No. 19-01319-CFC |
| v. | |
| AGH PARENT LLC, a Delaware limited liability company; SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA, a Pennsylvania insurance company; FUZION ANALYTICS, Inc., a Delaware corporation; BANKERS CONSECO LIFE INSURANCE COMPANY, a New York insurance company; WASHINGTON NATIONAL INSURANCE COMPANY, an Indiana insurance company; CNO FINANCIAL GROUP, INC., a Delaware corporation; 40/86 ADVISORS, INC., a Delaware corporation; PRIVATE BANKERS LIFE ANNUITY LTC 2, a Delaware reinsurance trust, as successor in interest to BBIL ULICO 2014 Trust; WASHINGTON NATIONAL LTC 2, a Delaware reinsurance trust, as successor in interest to BRE WNIC 2013 LTC Primary; BHLN-AGERA CORP., a Delaware corporation; BOLN-AGERA CORP., a Delaware corporation; BBLN-AGERA CORP., a Delaware corporation; BEECHWOOD RE INVESTMENTS LLC, a Delaware limited liability company; KEVIN CASSIDY; STARFISH CAPITAL, INC., a New York corporation; and JOHN DOES 1-100, | |
| Defendants. | |
| v. | |
| PLATINUM MANAGEMENT (NY) LLC, a Delaware limited liability company; MARK NORDLICHT, DAVID LEVY, MURRAY HUBERFELD, and DAVID BODNER, | |
| Nominal Defendants. | |

**[PROPOSED] ORDER REMANDING ACTION TO**
**DELAWARE COURT OF CHANCERY**

Upon the motion dated August 15, 2019 (the "Motion")[1] of Principal Growth Strategies, LLC, Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation), and Martin Trott and Christopher Smith, in their capacities as the duly appointed Joint Official Liquidators and foreign representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (collectively, "Plaintiffs") for an order remanding the above-captioned removed Action to the Court of Chancery of the State of Delaware (the "Court of Chancery"), as set forth more fully in the Motion and the Memorandum of Law, and all submissions thereof and responses thereto; and upon consideration of the Fallon Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and due and proper notice of the Motion having been provided to the parties affected thereby, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion on _____, 2019; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Court hereby abstains from hearing the Action pursuant to 28 U.S.C §§ 1334(c)(2), and 1452(b).

---

[1] All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.       The Action is remanded to the Court of Chancery.

4.       All parties to the Action are authorized to take all steps necessary or appropriate to carry out this Order.

5.       This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2019

_____
Hon. Colm F. Connolly
United States District Court Judge