## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRINCIPAL GROWTH STRATEGIES, LLC, a Delaware limited liability company; PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation), a Cayman Islands exempted limited partnership; and MARTIN TROTT & CHRISTOPHER SMITH, Joint Official Liquidators of Platinum Partners Value Arbitrage Fund L.P. (in official liquidation),

        Plaintiffs,

    v.

AGH PARENT LLC, a Delaware limited liability company; SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA, a Pennsylvania insurance company; FUZION ANALYTICS, Inc., a Delaware corporation; BANKERS CONSECO LIFE INSURANCE COMPANY, a New York insurance company; WASHINGTON NATIONAL INSURANCE COMPANY, an Indiana insurance company; CNO FINANCIAL GROUP, INC., a Delaware corporation; 40/86 ADVISORS, INC., a Delaware corporation; PRIVATE BANKERS LIFE ANNUITY LTC 2, a Delaware reinsurance trust, as successor in interest to BBIL ULICO 2014 Trust; WASHINGTON NATIONAL LTC 2, a Delaware reinsurance trust, as successor in interest to BRE WNIC 2013 LTC Primary; BHLN-AGERA CORP., a Delaware corporation; BOLN-AGERA CORP., a Delaware corporation; BBLN-AGERA CORP., a Delaware corporation; BEECHWOOD RE INVESTMENTS LLC, a Delaware limited liability company; KEVIN CASSIDY; STARFISH CAPITAL, INC., a New York corporation; and JOHN DOES 1-100,

        Defendants.

    v.

PLATINUM MANAGEMENT (NY) LLC, a Delaware limited liability company; MARK NORDLICHT, DAVID LEVY, MURRAY HUBERFELD, and DAVID BODNER,

        Nominal Defendants.

C.A. No. 19-01319-CFC

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO REMAND TO DELAWARE COURT OF CHANCERY</u>**

MORRIS JAMES LLP

Brett D. Fallon (#2480)
R. Eric Hacker (#6122)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
302-888-6800

OF COUNSEL:                     *Attorneys for Plaintiffs*

Warren E. Gluck
Barbra R. Parlin
Richard A. Bixter, Jr.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
212-513-3200

Dated: August 15, 2019

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

NATURE AND STAGE OF PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT .........................................................................................2

STATEMENT OF FACTS ................................................................................................3

    A.     PPVA Foreign Liquidation and Chapter 15 Case ...................................3

    B.     Litigation Against Insiders and Affiliates Filed in the United States
          District Court for the Southern District of New York ...........................4

    C.     Filing of the Action in the Court of Chancery .......................................5

ARGUMENT .....................................................................................................................7

I.     SECTION 1334(C)(2) MANDATES ABSTENTION .......................................7

    A.     The Motion to Remand is Timely. .........................................................7

    B.     The Action is Based on Non-Federal, State and Foreign Law
          Claims. ...................................................................................................8

    C.     The Action Does Not Arise Under the Bankruptcy Code  or Arise in
          a Case under the Bankruptcy Code. .......................................................8

    D.     Section 1334(b) is the Sole Basis for Federal Court Jurisdiction. .........11

    E.     The Action was Commenced in a State Court of Appropriate
          Jurisdiction. ............................................................................................11

    F.     The Action can be Timely Adjudicated by the Court of Chancery. ......12

II.    EQUITABLE REMAND ALSO IS APPROPRIATE PURSUANT TO 28
     U.S.C. § 1452(B) ................................................................................................14

    A.     Factors One And Six: No Effect On The Efficient administration Of
          The PPVA Chapter 15 Case, Remoteness From The Main
          Bankruptcy Case ....................................................................................15

    B.     Factor Two: The Action Is Predominated By State Law Issues ............16

    C.     Factor Three: Difficulty Of Applicable State Law ...............................16

i

D.    Factor Four: Related Proceedings Initiated In State Court Or Other Non-Bankruptcy Court ............................................................................... 17

E.    Factor Five: No Independent Basis For Federal Jurisdiction ................................. 17

F.    Factor Seven: The Substance Of Removed Claims Are Non-Core ....................... 17

G.    Factor Eight: Severability Of Claims ..................................................................... 17

H.    Factor Nine: Burden On The Court's Docket ......................................................... 17

I.    Factor Twelve: Proceeding Involves Non-Debtor Parties ..................................... 18

J.    Other Factors Supporting Remand .......................................................................... 18

CONCLUSION ............................................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. J.K. Harris & Co., LLC,*
 331 B.R. 634 (E.D. Pa. 2005) .................................................................7

*Balcor/Morristown Ltd. P'Ship v. Vector Whippany Assoc.,*
 181 B.R. 781 (D.N.J. 1995) .................................................................14

*In re British American Ins. Co. Ltd.,*
 488 B.R. 205 (Bankr. S.D. Fla. 2013).....................................................10

*Brown v. Jevic,*
 575 F.3d 322 (3d Cir. 2009)...................................................................7

*In re Drauschak,*
 481 B.R. 330 (Bankr. E.D. Pa. 2012) ...............................................10, 15

*In re Fairfield Sentry Ltd.,*
 10-03496 (SMB), 2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018)...................9

*In re Fairfield Sentry Ltd.,*
 458 B.R. 665 (S.D.N.Y. 2011)...........................................................9, 10

*In re Fed-Mogul Global, Inc.,*
 282 B.R. 301 (Bankr. D. Del. 2002) .......................................................15

*Firefighters' Retirement System v. v. Citco Group Limited,*
 796 F.3d 520 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 896 (2016)........................15

*In re Fruit of the Loom,*
 407 B.R. 593 (Bankr. D. Del. 2009) .......................................................18

*In re G-I Holdings Inc.,*
 No. 01-30135 (RG), 2017 WL 1788656 (D.N.J. May 5, 2017)............................12

*In re Guild & Gallery Plus, Inc.,*
 72 F.3d 1171 (3d Cir. 1996)....................................................................8

*In re Hellas Telecomm. (Luxembourg) II SCA,*
 524 B.R. 488 (Bankr. S.D.N.Y. 2015) .......................................................9

*In re Holiday RV Superstores, Inc.,*
 362 B.R. 126 (D. Del. 2007).....................................................................7

*In re Integrated Health Servs., Inc.*,
  291 B.R. 615 (Bankr. D. Del. 2003) ...................................................................15, 16, 17

*In re LaRoche Indus., Inc.*,
  312 B.R. 249 (Bankr. D. Del. 2004) ...................................................................16, 17, 18

*LJM2 Co-Investment, L.P. v. LJM2 Capital Mgmt., L.P.*,
  No. Civ. A 02-1498 GMS, 2003 WL 431684 (D. Del. Feb. 24, 2003) .......................... *passim*

*In re Maxus Energy Corp.*,
  560 B.R. 111 (Bankr. D. Del. 2016) ............................................................................... *passim*

*In re Midgard Corp.*,
  204 B.R. 764 (B.A.P. 10th Cir. 1997)...............................................................................13, 14

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
  639 F.3d 572 (2d Cir. 2011)....................................................................................................13

*In re Trans World Airlines, Inc.*,
  278 B.R. 42 (Bankr. D. Del. 2002) .........................................................................................16

**Statutes**

11 U.S.C. § 1501 ............................................................................................................................4

28 U.S.C. § 157...................................................................................................................8, 9, 16

28 U.S.C. § 1331...................................................................................................................8, 11

28 U.S.C. § 1332...........................................................................................................................11

28 U.S.C. § 1334 .................................................................................................................. *passim*

28 U.S.C. § 1447(c) .......................................................................................................................7

28 U.S.C. § 1452(b) .........................................................................................................2, 3, 7, 14

## NATURE AND STAGE OF PROCEEDINGS

Principal Growth Strategies, LLC ("PGS"), Platinum Partners Value Arbitrage Fund L.P. (PPVA") (in Official Liquidation), and Martin Trott and Christopher Smith, in their capacities as the duly appointed Joint Official Liquidators and foreign representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (collectively, "Plaintiffs") commenced this case by filing a Verified Complaint (the "Complaint") in the Court of Chancery for the State of Delaware, New Castle County (the "Court of Chancery") on June 7, 2019.  In the Court of Chancery, Plaintiff's Complaint was pending before the Hon. Vice Chancellor Laster and assigned no. 2019-0431-JTL (the "Action").  The Action alleges eight counts, each of which is based on applicable Delaware and/or Cayman Islands law.  No claims in the Action arise out of the laws of the United States.

On July 15, 2019, defendant AGH Parent LLC filed its Answer to the Complaint in the Court of Chancery.

On July 16, 2019, defendants Bankers Conseco Life Insurance Company, Washington National Insurance Company, CNO Financial Group, Inc. and 40/86 Advisors, Inc. (collectively, the "CNO Defendants") filed a *Notice of Removal* of the Action with the Clerk of the United States District Court for the District of Delaware (the "District Court").  *See* D.I. 1.  Upon removal to this Court, the Action was issued case number 1:19-cv-01319.

On July 23, 2019, Plaintiffs entered into a stipulation (the "Stipulation") with the CNO Defendants and defendants Senior Health Insurance Company of Pennsylvania ("SHIP") and Fuzion Analytics, Inc. ("Fuzion" and together with SHIP, the "SHIP Defendants"), which was entered by this Court on July 24, 2019.  *See* D.I. 3.  Pursuant to the Stipulation:

> (i)      the date by which the CNO Defendants and the SHIP Defendants must answer or move with respect to the Complaint is extended until August 16, 2019;

(ii)     without waiver of any other rights, all of which are expressly reserved, each of the CNO Defendants and the SHIP Defendants consent to personal jurisdiction in the State of Delaware solely in connection with the above-captioned action, and hereby waive all defenses in this action based upon a lack of personal jurisdiction or service of process;

(iii)     each of the CNO Defendants and the SHIP Defendants covenants that it will not seek, and is prohibited from seeking, dismissal of the Action on the ground that either this Court or the Court of Chancery lacks, solely for purposes of this Action, personal jurisdiction over any of them or that the Complaint was not properly served;

(iv)     Nothing in the Stipulation shall affect, impair or prejudice Plaintiffs' rights to seek to remand this case to the Court of Chancery, and/or any Defendant's right to oppose any such remand motion, all such rights being expressly reserved;

(v)     and Nothing in the Stipulation shall affect, impair or prejudice the rights of the CNO Defendants or SHIP Defendants to seek a transfer of the above-captioned action to the United States District Court for the Southern District of New York, and/or Plaintiffs' rights to oppose any such motion, nor shall it affect, impair or prejudice the rights of any party to seek any relief other than as set forth in the Stipulation, all such rights being expressly reserved.

By the Motion to Remand filed contemporaneously herewith, Plaintiffs contend that abstention is mandated pursuant to 28 U.S.C. § 1334(c)(2), and further, that grounds for equitable remand of the Action to the Court of Chancery exist under 28 U.S.C. § 1452(b). As such, this Court should remand the Action to the Court of Chancery.

## SUMMARY OF ARGUMENT

Pursuant to 28 U.S.C. § 1334(c)(2) and 1452(b), this Court can and should abstain from hearing these proceedings and remand the Action to the Court of Chancery, Plaintiffs' chosen forum and the forum where all claims may properly be heard and in which all defendants are subject to personal jurisdiction. As will be set forth in detail below, all of the requirements for mandatory abstention under 28 U.S.C. § 1334(c)(2) are met here: (i) Plaintiffs have timely sought abstention; (ii) the claims at issue in the Action are, at best, noncore claims over which this Court has only "related to" subject matter jurisdiction under 28 U.S.C. § 1334(b); (iii) no other basis for

subject matter jurisdiction exists in this Court; and (iv) the claims in the Action can and should be resolved in the Court of Chancery. So too, the facts and circumstances of this Action support equitable remand under § 1452(b). For these reasons, Plaintiffs request that this Court enter an order remanding the Action to the Court of Chancery.

## STATEMENT OF FACTS

### A.      PPVA Foreign Liquidation and Chapter 15 Case

Prior to the commencement of the Action and the separate litigation detailed below, on August 23, 2016, Platinum Management (NY), LLC, as general partner of PPVA, filed a voluntary petition seeking liquidation of PPVA and the appointment of Christopher Kennedy and Matthew Wright as joint provisional liquidators (the "Cayman Petition" in the Grand Court of the Cayman Islands (the "Grand Court"). *See Declaration of Brett D. Fallon in Support of Plaintiffs' Motion for Remand to Delaware Court of Chancery*, filed contemporaneously herewith, (the "Fallon Decl.") at Ex. A, ¶ 94.

On August 25, 2016, the Grand Court entered an order directing the provisional liquidation of PPVA and appointing joint provisional liquidators (the "Cayman Liquidation"). *See* Fallon Decl. at Ex. A., ¶ 95.

On October 18, 2016, the predecessors of the JOLs filed petitions and accompanying Declarations seeking recognition of the Cayman Liquidation of PPVA and one of PPVA's feeder funds as foreign main proceedings and of the JOLs as foreign representatives and certain other relief under chapter 15 of the Bankruptcy in the United States Bankruptcy Court for the Southern District of New York (the "Chapter 15 Court"), jointly administered as Case No. 16-12925 (the "PPVA Chapter 15 Case"). *See* Fallon Decl. at Ex. A., ¶ 96.

On October 27, 2016, the Grand Court entered an order directing that PPVA's Cayman Liquidation be converted to an official liquidation and appointing Messrs. Wright and Kennedy as

3

Interim Joint Official Liquidators until a final hearing in December 2016. *See* Fallon Decl. at Ex. A., ¶ 97.

On November 22, 2016, the Chapter 15 Court entered an order recognizing the Cayman Liquidation and the joint provisional liquidators as a foreign main proceeding, and as foreign representatives, respectively, pursuant to 11 U.S.C. § 1501 *et seq.* (the "Chapter 15 Recognition Order"), permitting the foreign representatives to bring claims against third parties on behalf of the PPVA estate within the United States. *See* Fallon Decl. at Ex. A., ¶ 98.

On December 16, 2016, the Grand Court entered an order appointing the joint official liquidators of PPVA. Martin Trott and Christopher Smith are the current JOLs of PPVA pursuant to September 29, 2017 and July 6, 2018 Orders of the Grand Court. *See* Fallon Decl. at Ex. A., ¶ 99.

**B.    Litigation Against Insiders and Affiliates Filed in the United States District Court for the Southern District of New York**

On November 21, 2018, the JOLs filed a complaint, as subsequently amended on March 29, 2019 in the United States District Court for the Southern District of New York ("SDNY") against former insiders of PPVA and certain affiliates for, inter alia, breach of fiduciary duty, fraud, aiding and abetting breach of fiduciary duty, conversion and unjust enrichment relating in connection with the management and operation of PPVA, commencing the proceeding captioned *Trott v. Platinum Management (NY) LLC, et al.*, Case No. 18-cv-10936 (the "PPVA SDNY Action"). *See* Fallon Decl. at Ex. B.

In the interest of efficiency and judicial economy, SDNY Judge Rakoff determined that the PPVA SDNY Action should be consolidated for scheduling and discovery purposes only with two other actions pending in the SDNY relating to the Platinum Funds: *Senior Health Insurance Company of Pennsylvania v. Beechwood Re Ltd. et al.*, Case No. 18-cv-6658 (JSR) and

*Cyganowski v. Beechwood Re Ltd. et al.*, Case No. 18-cv-12018 (JSR), and to that end, entered an order directing the SDNY Clerk to create a master docket captioned *In re Platinum-Beechwood Litigation*, Case No. 18-cv-6658 (JSR). *See* Fallon Decl., at Ex. C.

The PPVA SDNY Action has progressed considerably since its filing, having completed two highly contested rounds of motions to dismiss, *see* Fallon Decl. at Exs. D, E, and proceeding well into the discovery phase of the litigation. The parties to the PPVA SDNY Action have mutually produced millions of documents in response to discovery requests, and are scheduling depositions. All discovery will conclude on December 31, 2019, with "[a]bsolutely no further extensions" to be granted. *See* Fallon Decl. at Ex. F. A final pre-trial conference is scheduled for March 6, 2020. *Id.*

### C. Filing of the Action in the Court of Chancery

The Action was commenced by the Plaintiffs' filing of the Complaint in the Court of Chancery on June 7, 2019. The Action asserts claims based on the wrongful diversion from PGS of a May 19, 2014 promissory note (the "Agera Note") issued by Agera Energy, LLC ("Agera Energy") that was convertible into approximately 95% of the equity in Agera Energy, through a series of transactions (the "Agera Transactions") orchestrated by the parties in control of PGS for the ultimate benefit of select clients and friends, and to the detriment of Plaintiffs. *See* Fallon Decl. at Ex. A, ¶¶ 1-3.

Prior to the Agera Transactions, PPVA and non-party Platinum Partners Credit Opportunities Master Fund L.P. ("PPCO" and, collectively with PPVA, the "Platinum Funds"), collectively held all membership interests in PGS. Through the Agera Transactions, Defendants were able to saddle PGS with valueless debt and other instruments in exchange for the Agera Note, thereby looting the Platinum Funds of their primary remaining valuable asset, and exchange worthless interests in the Platinum Funds and related investments for valuable interests in AGH

Parent, LLC. *Id.* at Ex. A, ¶¶ 3-6.

In their Notice of Removal, the CNO Defendants seek to characterize this Action as a mirror of the PPVA SDNY Action and thereby infer that Plaintiffs' initial decision to file the Action in the Court of Chancery was improper claim splitting resulting from a missed deadline. This simply is not the case.  Notice of Removal at ¶¶ 13-17.

As is evident from a review of the complaint in the PPVA SDNY Action, a copy of which is attached as an exhibit to the Complaint in the Action, that case is brought solely by PPVA and the JOLs, not PGS.  That Complaint alleges claims against former insiders of PPVA and related parties for, *inter alia*, breaches of fiduciary duty and fraud related to the management and operation of PPVA generally over a several year period, and not just with respect to the Agera Transactions. The claims in the SDNY PPVA Action generally are governed by New York law.

By contrast, this Action is narrowly focused and asserts claims for recovery on behalf of PGS, PPVA and the JOLs against the persons and entities who received the benefit of the Agera Transactions, i.e. the transferees.  The Action also asserts a claim on behalf of PGS against AGH Parent and its members for breach of the covenant of good faith and fair dealing in connection with the AGH Parent Operating Agreement.  Other than the Cayman avoidance claims, all of the claims at issue are governed by Delaware law, and the claim arising out the AGH Parent Operating Agreement has a Delaware exclusive venue requirement.

None of the claims at issue in the Action are asserted under U.S. federal law, and both PGS and several of the defendants are domiciled in Delaware.  As such, there is no basis for federal question or diversity subject matter jurisdiction in the federal courts.

In fact, the Action seeks to recover an asset wrongfully converted from one Delaware limited liability company and transferred to another Delaware limited liability company for the

benefit of other entities, many of which are also formed under Delaware law.  Given the strong

Delaware state connections, Plaintiffs filed the Action in the Court of Chancery.

<u>**ARGUMENT**</u>

It is well settled that removal jurisdiction statutes "are to be strictly construed, with all

doubts to be resolved in favor of remand."  *See Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)

(citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).   Here, remand is

appropriate for two reasons.   *First*, abstention is mandated pursuant to 28 U.S.C. § 1334(c)(2).

*Second*, all of the factors considered by courts when determining whether a basis for equitable

remand under 28 U.S.C. §1452(b) exists weigh strongly in favor of remand.

**I.      SECTION 1334(C)(2) MANDATES ABSTENTION**

Section 1334(c)(2) of title 28 of the United States Code, which governs the jurisdiction of

federal courts over claims "related to" a bankruptcy case, provides that abstention is mandatory

when the movant establishes:

> (1) that it filed a timely motion; (2) the proceeding is based on state law issues; (3) the
> proceeding is related to a case under the Bankruptcy Code, but does not arise under the
> Bankruptcy Code or in a case under the Bankruptcy Code; (4) there is no independent basis
> for federal jurisdiction other than the bankruptcy proceeding; (5) an action has been
> commenced in a state forum; and (6) that case can be timely adjudicated in state court.

*In re Holiday RV Superstores, Inc.*, 362 B.R. 126, 130 (D. Del. 2007); 28 U.S.C. § 1334(c)(2). All

of the foregoing requirements are met here.

**A.      The Motion to Remand is Timely.**

The Motion to Remand is made timely, having been filed within thirty days of the date that

the Notice of Removal was filed.  *See LJM2 Co-Investment, L.P. v. LJM2 Capital Mgmt., L.P.*,

No. Civ. A 02-1498 GMS, 2003 WL 431684, at *2 (D. Del. Feb. 24, 2003); *Allen v. J.K. Harris*

*& Co., LLC*, 331 B.R. 634 (E.D. Pa. 2005). *See also* 28 U.S.C. § 1447(c).

**B.    The Action is Based on Non-Federal, State and Foreign Law Claims.**

The second factor for mandatory abstention is that the case present state law claims for resolution.  It is axiomatic that if the complaint at issue contains a claim under federal law, there will be no basis for mandatory abstention, as the inclusion of such a claim would provide a separate and independent basis for subject matter jurisdiction in the federal courts pursuant to 28 U.S.C. § 1331.  As such, it is clear that the distinction the statute is making really is between federal and non-federal claims.

Here, Counts I (Aiding and Abetting Breach of Fiduciary Duty and Corporate Waste), II (Unjust Enrichment), III (Breach of the Implied Covenant of Good Faith and Fair Dealing), VII (Alter Ego), and VIII (Constructive Trust) all are based solely on Delaware law.  *See* Fallon Decl. at Ex. A, ¶¶ 328-356, 432-457.  Counts IV (Fraudulent Trading under Cayman Law), V (Transfer for Undervalue and Voidable Preference), and VI (Transfer for Undervalue and Voidable Preference) (collectively, the "Cayman Law Claims") are based on Cayman Islands law.  *See* Fallon Decl. at Ex. A, ¶¶ 357-431.

There are no claims asserted in the Action that are based on federal law.  As such, the Action solely involves claims "based upon a State law."  28 U.S.C. § 1334(c)(2).

**C.    The Action Does Not Arise Under the Bankruptcy Code or Arise in a Case under the Bankruptcy Code.**

Third, the Action is at best a non-core proceeding based on this Court's "related to" jurisdiction, if that characterization of proceedings as core or non-core is guided by the examples provided in 28 U.S.C. § 157(b)(2).  "A proceeding is core under [28 U.S.C.] section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'  *In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996) (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991).

'If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding; it may be related to the bankruptcy case because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or 'non-core proceeding.' *Id.* (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987))." *LJM2 Co-Investment*, 2003 WL 431684, at *4.

The CNO Defendants make no effort to dispute (nor could they), that the claims asserted by PGS are anything other than "non-core" and that, at best, those claims fall within this Court's "related to" subject matter jurisdiction. Neither PGS nor any of the defendants is a debtor; all of the claims it asserts are based upon Delaware law, and the claims arise out of events that occurred before the PPVA Chapter 15 Case. All of the claims could have been asserted irrespective of whether PPVA was in liquidation. Indeed, it remains unclear whether claims such as those asserted by PGS between two non-debtors arising out of pre-liquidation events under state law may even be deemed "related to" the PPVA Chapter 15 Case at all.

The Cayman Law Claims likewise at best fall within this court's "related to" subject matter jurisdiction and are "non-core." Federal courts considering the basis upon which they may assert subject matter jurisdiction over foreign law-based avoidance claims brought by a chapter 15 debtor's foreign representatives routinely have held that they are "non-core" claims "related to" the chapter 15 proceeding. *See, e.g., In re Fairfield Sentry Ltd.*, 458 B.R. 665, 675 (S.D.N.Y. 2011); *Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomm. (Luxembourg) II SCA*, 524 B.R. 488, 515 (Bankr. S.D.N.Y. 2015); *In re Fairfield Sentry Ltd.*, 10-03496 (SMB), 2018 WL 3756343, at *7-8 (Bankr. S.D.N.Y. Aug. 6, 2018). As explained by the United States District Court for the Southern District of New York in *Fairfield Sentry*:

> There is no question that the state- and BVI-law claims do not "arise under" title 11. Neither the causes of action nor substantive rights claimed in these cases are

> created by the Bankruptcy Code. . . .   They are created by state and foreign
> legislatures and involve independent substantive rights.  Chapter 15 merely gives
> the foreign representatives standing to use the United States courts to assert claims
> under law other than Chapter 15.

*In re Fairfield Sentry Ltd.*, 458 B.R. at 675.[1]  *See also*, *In re British American Ins. Co. Ltd.*, 488

B.R. 205, 218-36 (Bankr. S.D. Fla. 2013) (disagreeing with district court's analysis in *Fairfield*

*Sentry* but nevertheless finding that avoidance claims asserted by foreign representative did not

invoke a substantive right under chapter 15 or another provision of the Bankruptcy Code, thus

triggering the court's "related to" subject matter jurisdiction and were noncore).

By contrast, no court has held, as the CNO Defendants baldly assert, that the Cayman Law

Claims trigger the court's "arising under" subject matter jurisdiction as they are grounded in the

JOLs' authority pursuant to chapter 15.  *See* D.I. 1 at ¶¶ 22-25.

Even if the Cayman Law Claims were to be construed as "arising under" the Bankruptcy

Code, this would not make the entire Action—including the claims based purely on state law,

which comprise a majority of the claims asserted in the Action— non-core because "[a] single

cause of action may include both core and non-core claims,"  Third Circuit precedent makes clear

that "[t]he mere fact that a non-core claim is filed with a core claim will not mean the second claim

becomes core."  *In re Drauschak*, 481 B.R. 330, 339-40 (Bankr. E.D. Pa. 2012) (quoting *In re*

*Exide Techs.*, 544 F.3d 196, 206 (3d Cir. 2008)).  As such, the CNO Defendants' attempt to

bootstrap that argument into a basis for alleging that the entire Action "arises under" the

Bankruptcy Code and thus is "core" is patently incorrect.

---

[1] The *Fairfield Sentry* court further found that such claims did not "arise in" a case under title 11. *Id.* at 676-83.  The CNO Defendants have not disputed, however, that the Action does not "arise in" a case under title 11, as their sole alleged basis for removal was that the claims in the Action are "related to" the PPVA Chapter 15 Case and "arise under" the Bankruptcy Code. *See* D.I. 1 at ¶¶ 21-25.

**D.      Section 1334(b) is the Sole Basis for Federal Court Jurisdiction.**

There can be no real dispute that, aside from § 1334(b), there is no basis to support subject matter jurisdiction in the federal court.  *See* D.I. 1 at ¶¶ 19-25.  There is no basis for diversity jurisdiction under 28 U.S.C. § 1332, because plaintiff Principal Growth Strategies, LLC and various defendants, including AGH Parent LLC, BAM Management Services, LLC, Fuzion Analytics, Inc., CNO Financial Group, Inc., 40/86 Advisors, Inc., Private Bankers Life Annuity LTC 2 as successor in interest to BBIL ULICO 2014 Trust, Washington National LTC 2 as successor in interest to BRe WNIC 2013 LTC Primary, BHLN-Agera Corp., BOLN-Agera Corp., BBLN-Agera Corp., and Beechwood Re Investments LLC, all are formed under Delaware law. *See* Fallon Decl. at Ex. A, ¶¶ 6, 12-13, 16, 20, 22-23, 29, 32.  *See LJM2 Co-Investment*, 2003 WL 431684, at *3 n.2.  Federal question jurisdiction also does not exist, because none of the claims in the Action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**E.      The Action was Commenced in a State Court of Appropriate Jurisdiction.**

There also can be no real dispute that the Action was "commenced . . . in a State forum of appropriate jurisdiction."  28 U.S.C. § 1334(c)(2).  Plaintiffs commenced the Action in the Court of Chancery on June 7, 2019.  *See* Fallon Decl. at Ex. A.  The Court of Chancery clearly has subject matter jurisdiction over the Action, which, it bears repeating, primarily involves claims based upon Delaware law that arise out of disputes concerning the operation and management of Delaware limited liability companies and are asserted against numerous defendants formed under Delaware law and by a plaintiff formed under Delaware law.  *See LJM2 Co-Investment*, 2003 WL 431684, at *3 (mandatory abstention appropriate where action was commenced in state court of appropriate jurisdiction).  Clearly this is an action in which the Court of Chancery has special and appropriate expertise.

11

**F.      The Action can be Timely Adjudicated by the Court of Chancery.**

Lastly, the Court of Chancery clearly is capable of adjudicating the Action in a timely manner.  For purposes of determining whether a claim is likely to be "timely adjudicated" in state court, "the Third Circuit has explicitly stated that '[t]he question is not whether the action would be more quickly adjudicated in [federal court] than in state court, but whether the action can be *timely adjudicated* in the state court.'"  *In re G-I Holdings Inc.*, No. 01-30135 (RG), 2017 WL 1788656, at *11 (D.N.J. May 5, 2017) (quoting *In re Exide Techs.*, 544 F.3d 196, 218 n.14 (3d Cir. 2008)); *LJM2 Co-Investment*, 2003 WL 431684, at *2 (citing *In re Trans World Airlines, Inc.*, 278 B.R. 42, 50 (Bankr. D. Del. 2002)).  There is no requirement that "the state court be intimately familiar with the parties or claims, or even that it be more familiar with these elements than the federal court to which the case was removed."  *LJM2 Co-Investment*, 2003 WL 431684, at *3 (finding this factor satisfied where there was no evidence indicating that the Court of Chancery could not timely adjudicate the action, and determining that mandatory abstention was required).

It is indisputable that the Court of Chancery is a sophisticated court of appropriate jurisdiction that is extremely well suited to determine the issues presented in the Action.  As set forth in the *Statement Identifying Pending Matters Requiring Judicial Action*, prior to the CNO Defendants' removal of the Action to this Court, defendant AGH Parent already had filed its answer to the Complaint in the Court of Chancery on July 15, 2019.  D.I. 5, at ¶¶ 2, 5.  Absent the CNO Defendants' removal of the Action to this Court, it is likely that the other defendants would have filed answers or motions by now as well.  And, while the Court of Chancery certainly is a busy tribunal, there is no basis to suggest that it is overburdened compared to this Court or that it would otherwise be incapable of timely adjudication of the Action.[2]

---

[2] While they have not moved to transfer venue of this Action to the United States District Court

The timely adjudication requirement also is far less important when, as in this case, the bankruptcy proceeding to which a litigation is "related" is not a plenary chapter 11 reorganization case, but rather is a liquidation proceeding.  *See, e.g., Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 581 (2d Cir. 2011) (noting that while "a trustee in a chapter 11 reorganization may require expeditious resolution of the state law claims in order to determine what resources are available to fund the chapter 11 reorganization . . . courts have found that what might be timely in the Chapter 7 context is not necessarily timely in Chapter 11 cases where time is of the essence" and further, that because "a court overseeing [an ancillary proceeding related to a foreign proceeding] is not tasked with overseeing reorganization or liquidation of the estate, we see no reason why, as a result of the [ancillary] proceeding, the litigants in a state law proceeding would require swift resolution of the state law claims" although the court may find the particular proceeding gives rise to a "need for urgency"); *In re Midgard Corp.*, 204 B.R. 764, 779 (B.A.P.

---

for the Southern District of New York, the CNO Defendants presumably will argue that the claims at issue in the Action could be more timely adjudicated before that court.  As noted in the Notice of Removal, there are several actions pending there based upon the events that preceded and precipitated the liquidation of PPVA and certain affiliated funds, including the PPVA SDNY Action, which was brought by the JOLs and PPVA, and has been consolidated with the actions styled *Senior Health Insurance Company of Pennsylvania v. Beechwood Re Ltd. et al.*, Case No. 18-cv-6658 (JSR), and *Cyganowski v. Beechwood Re Ltd. et al.*, Case No. 18-cv-12018 (JSR), for discovery and scheduling purposes on a master docket styled *In re Platinum-Beechwood Litigation*, Case No. 18-cv-6658 (JSR) (collectively, the "Consolidated Actions").  The PPVA SDNY Action, which asserts claims against former insiders of PPVA and certain affiliates for, inter alia, breach of fiduciary duty, fraud, aiding and abetting breach of fiduciary duty, conversion and unjust enrichment relating in connection with the management and operation of PPVA, is based on a much wider time period and broader set of facts than those at issue in the Action, which is limited to claims against the recipients of the proceeds of the Agera Transactions as well as other related matters.  So too, Delaware is the exclusive venue for at least certain of the claims at issue in the Complaint, and it remains unclear if all of the defendants in the Action are subject to personal jurisdiction in the Southern District of New York.  The Consolidated Actions also are well into discovery, so adding this Action to the docket at this late stage would not only fail to speed the resolution of the Action, but likely would frustrate the significant efforts of all involved counsel and the United States District Court for the Southern District of New York to efficiently use judicial resources.

10th Cir. 1997) (noting "in a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant").

Given that each of the requirements for mandatory abstention are satisfied here, the plain language of section 1334(c)(2) requires that the Court "shall abstain from hearing" the claims asserted in the Action, and enter an order remanding the Action to the Court of Chancery.  *See Balcor/Morristown Ltd. P'Ship v. Vector Whippany Assoc.*, 181 B.R. 781, 788 (D.N.J. 1995) ("Where abstention is . . . required, remand will follow.").

## II.    EQUITABLE REMAND ALSO IS APPROPRIATE PURSUANT TO 28 U.S.C. § 1452(B)

The Action also should be remanded pursuant to 28 U.S.C. § 1452(b), which provides in relevant part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  *See also LMJ2 Co-Investment L.P*, 2003 WL 431684, at *4.  Courts generally consider a variety of related and overlapping factors to determine if an equitable ground for remand exists, including:

(1)    the effect or lack thereof on the efficient administration of the estate;

(2)    the extent to which state law issues predominate over bankruptcy issues;

(3)    the difficulty or unsettled nature of the applicable state law;

(4)    the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5)    the jurisdictional basis, if any, other than 28 U.S.C. § 1334(c)(1);

(6)    the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)    the substance rather than form of an asserted "core" proceeding;

(8)    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9)    the burden of the court's docket;

(10)   the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

14

(11)    the existence of a right to a jury trial; and

(12)    the presence in the proceeding of nondebtor parties.

*In re Maxus Energy Corp.*, 560 B.R. 111, 124-25 (Bankr. D. Del. 2016); *In re Integrated Health Servs., Inc.*, 291 B.R. 615, 619 (Bankr. D. Del. 2003); *In re Drauschak*, 481 B.R. at 336 (citing *Kurtz v. EMAK Worldwide, Inc.*, 464 B.R. 635, 645-46 (D. Del. 2011).[3]  Additionally, the court may consider the plaintiff's choice of forum between state and federal court.  *LJM2 Co-Investment*, 2003 WL 431684, at *5 (citing *Lone Star Indus., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 273 (D. Del. 1991)).  Not all factors will be relevant in every case, however, and "some factors are more substantial than others, such as the effect on the administration of the estate, whether the claim involves only state law issues, and whether the proceeding is core or non-core under 28 U.S.C. § 157."  *Maxus Energy*, 560 B.R. at 125 (quoting *In re Fruit of the Loom, Inc.*, 406 B.R. 593, 600 (Bankr. D. Del. 2009)).  Here, the relevant factors clearly favor equitable remand.

### A.    Factors One And Six: No Effect On The Efficient administration Of The PPVA Chapter 15 Case, Remoteness From The Main Bankruptcy Case

Remanding the Action to the Court of Chancery will not have a negative impact on

---

[3] Although permissive abstention has been held not to apply to chapter 15 proceedings or actions "related to" chapter 15 proceedings, *see, e.g., Firefighters' Retirement System v. v. Citco Group Limited,* 796 F.3d 520 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 896 (2016), courts within the Third Circuit have nevertheless acknowledged that the considerations weighing upon equitable remand are identical to those governing abstention under 28 U.S.C. § 1334(c)(1).  *See In re Fed-Mogul Global, Inc.*, 282 B.R. 301, 314 (Bankr. D. Del. 2002); *Maxus Energy*, 560 B.R. at 125 n. 76; *In re Drauschak*, 481 B.R. at 347.  Some courts consider a related and overlapping set of factors for purposes of analyzing whether equitable remand is appropriate, including:

> (1) *forum non conveniens*; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) lessened possibility of an inconsistent result.

*LJM2 Co-Investment, L.P.*, 2003 WL 431684, at *5.

administration of the PPVA Chapter 15 Case.  Where there is only a "weak nexus" linking the bankruptcy case and the removed proceeding, remand will not "disrupt the efficient administration of [the estate]." *In re Trans World Airlines, Inc.*, 278 B.R. at 52.  Indeed, the PPVA Chapter 15 Case is an ancillary proceeding in which no claims adjudication, plan, other related bankruptcy administration efforts, or even any litigation is ongoing.  As such, the claims at issue in the Action are not "inextricably intertwined with administration of the estate" to the extent being conducted in the PPVA Chapter 15 Case as no such events are occurring in that Case, and thus it has only a weak nexus to the PPVA Chapter 15 Case.

So too, the fact that a claim's "successful prosecution may result in an enhanced distribution for creditors . . . does not mean it is so related to the main case as to warrant [federal court] retention of jurisdiction over it." *In re Integrated Health Servs.*, 291 B.R. at 621; *In re LaRoche Indus., Inc.*, 312 B.R. 249, 254 (Bankr. D. Del. 2004).

As such, factors one and six provide grounds for equitable remand.

### B.     Factor Two: The Action Is Predominated By State Law Issues

As set forth in detail in Section IV.A above, the Action is based primarily on issues of state law, and there are no claims based on federal law at issue in the Action.  Thus, factor two likewise supports equitable remand of the Action to the Court of Chancery.

### C.     Factor Three: Difficulty Of Applicable State Law

The matters in the Action do not present difficult issues of Delaware law.  That being said, the Court of Chancery undoubtedly is well versed in and capable of swiftly adjudicating these matters of Delaware law that routinely present on its docket.  *See In re Integrated Health Servs.*, 291 B.R. at 620-21 (noting that "even if a matter does not involve unsettled issues of state law, where the state law issues so predominate the proceeding as they do in this case, this factor weighs in favor of having the state court decide it" and finding abstention to be warranted).  As such, the

16

third factor likewise supports equitable remand.

### D. Factor Four: Related Proceedings Initiated In State Court Or Other Non-Bankruptcy Court

This factor typically applies when there are existing proceedings already pending in a state or other non-bankruptcy court.  Here, the Action originally was filed in the Court of Chancery before it was removed.  This factor typically is not given much weight, but in any case it does support remand here.  S*ee, e.g., Maxus Energy*, 560 B.R. at 126.

### E. Factor Five: No Independent Basis For Federal Jurisdiction

As set forth above in Section IV.A, 28 U.S.C. § 1334(b) is the sole basis for federal court jurisdiction, so factor five also supports equitable remand.  *In re Integrated Health Servs.*, 291 B.R. at 621 (finding fifth factor to weigh in favor of permissive abstention where no diversity or federal question jurisdiction existed); *In re LaRoche Indus.*, 312 B.R. at 254 (same).

### F. Factor Seven: The Substance Of Removed Claims Are Non-Core

As set forth above, all claims in the Action are non-core, and this factor also weighs in favor of equitable remand.  *See Maxus Energy*, 560 B.R. at 127.

### G. Factor Eight: Severability Of Claims

All claims in the Action are non-core, so there is no need to sever the claims in the Action. As the United States Bankruptcy Court for the District of Delaware has explained: "Since all the issues involved in the [action] are non-core, severing the counts of the Complaint need not be done. It is possible to abstain and allow the state court to decide the entire suit with minimal disruption to the main bankruptcy estate.  This factor favors abstention." *In re Integrated Health Servs.*, 291 B.R. at 621.

### H. Factor Nine: Burden On The Court's Docket

Remanding the Action will decrease the burden on this Court's docket.  *See, e.g., In re*

*Fruit of the Loom*, 407 B.R. 593, 601 (Bankr. D. Del. 2009) (finding that factor eight weighed in favor of remand to lighten the court's heavy case load); *In re LaRoche Indus., Inc.*, 312 B.R. at 255 (same).

## I.     Factor Twelve: Proceeding Involves Non-Debtor Parties

The fact that the Action includes non-debtor parties as both plaintiffs and defendants supports remand, as plaintiff PGS and all defendants are non-debtors. The sole debtor involved in the Action is PPVA, and the Joint Official Liquidators are the foreign representative for PPVA. This factor therefore weighs in favor of equitable remand. *See Maxus Energy.*, 560 B.R. at 128 (stating that even were the debtors to be considered parties to the removed proceeding, this factor would still weigh in favor of remand in light of the presence of non-debtor plaintiff and defendants); *In re LaRoche Indus.*, 321 B.R. at 255 (finding this factor to weigh in favor of abstention even where one party was a former debtor).

## J.     Other Factors Supporting Remand

Finally, the court can and should consider that the Court of Chancery–a court of appropriate jurisdiction and venue–is Plaintiffs' chosen forum and that a plaintiff's choice of forum typically is respected. *See LJM2 Co-Investment*, 2003 WL 431684, at *5 (remand to the Court of Chancery appropriate on equitable grounds and noting "the court is mindful of the plaintiff's valued choice of state court as its forum").

While analyzing the factors weighing in favor of equitable remand is "not a mathematical formula . . . when the majority of factors weigh in favor of abstention, the court should do just that." *Maxus Energy*, 560 B.R. at 128-29 (internal quotation omitted). Given that factors ten and eleven are not relevant here, and that all of the remaining factors clearly weigh in favor of equitable remand, this Court can and should remand the Action to the Court of Chancery. F

## **CONCLUSION**

For all of the reasons set forth above, Plaintiffs request that the Court enter an order abstaining from hearing the Action and remanding the proceedings to the Court of Chancery.

MORRIS JAMES LLP

*/s/ Brett D. Fallon*
Brett D. Fallon (#2480)
R. Eric Hacker (#6122)
500 Delaware Avenue, Suite 1500
OF COUNSEL:                                  P.O. Box 2306
                                            Wilmington, DE 19899-2306
Warren E. Gluck                             302-888-6800
Barbra R. Parlin
Richard A. Bixter, Jr.
HOLLAND & KNIGHT LLP                        *Attorneys for Plaintiffs*
31 West 52nd Street
New York, New York 10019
212-513-3200


DATED:  August 15, 2019

11110752/2